VASSAR REALTY CORPORATION, PLAINTIFF-APPELLANT, v. LOUIS LEFFLER, DEFENDANT-RESPONDENT.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Bessie Chinich* and *Morris J. Oppenheim*.

For the respondent, *McCarter & English* and *Gerald McLaughlin*.

PER CURIAM.

This is an appeal from a judgment of the First District Court of the city of Newark in a suit in which plaintiff sought to recover five months' rent for an apartment in the city of Newark. Plaintiff and defendant entered into a written lease of the apartment for a term of one year commencing October 1st, 1934, and ending September 30th, 1935, at the annual rental of $1,020, payable $85 monthly. After the expiration of the term, defendant remained in possession until October 26th, 1935, paying plaintiff $85, and vacating on said date. Thereafter the premises remained vacant for five months and were then rented at a monthly rental of $80.

The contention of the plaintiff is that the defendant, having held over after the expiration of his term, became a tenant from year to year, and liable for the rent accruing during the time the premises were vacant.

The defendant testified that on June 6th, 1935, he gave written notice to the landlord that he would vacate the premises on the termination of his lease, September 30th, 1935. In September he purchased a property into which he planned to move but was delayed in securing possession. In the month of September, 1935, defendant spoke to a Mr. McIlhenny, superintendent of the building for the plaintiff landlord, explaining his situation and asking if he might remain for one month upon payment of the monthly rental of $85. Defendant testified that McIlhenny told him this might be done. McIlhenny denies it, but the court below has found this to be the fact.

In the situation in which the case comes before us the sole point available to the appellant is the argument that there was no evidence to support the finding that the superintendent had authority to make the alleged agreement and to bind the plaintiff thereby.

We think there is evidence from which a holding out of McIlhenny as having general authority respecting the rental of apartments in the building may properly be found. Plaintiff's printed circular advertised "Renting office on premises." Defendant negotiated with McIlhenny for his original lease, and although McIlhenny did not sign the lease on behalf of plaintiff, it was signed and entered into as the result of the negotiations with him. McIlhenny signed the registered mail receipt by which the notice of intention to vacate was given by defendant in June, 1935. His title was that of "superintendent." These circumstances, we think, form a basis for a finding of fact that McIlhenny was held out by the plaintiff as having apparent authority to deal with matters of rental of the premises, and that defendant was justified in relying upon his agreement with McIlhenny.

There being evidence to support the finding of facts in the court below, the judgment is affirmed, with costs.